47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel LARA-PAZ, Defendant-Appellant.
 No. 94-50473.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Lara-Paz appeals his convictions, following jury trial, for importation and possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 952, and 960. Lara-Paz contends the district court committed plain error by admitting testimony of a government agent concerning statements Lara-Paz allegedly made in a post-arrest interview because that interview was not tape-recorded. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 At trial, a government agent testified that after cocaine was found in Lara-Paz's car, Lara-Paz stated in a post-arrest interview that he thought the car contained marijuana. On cross-examination, the government agent conceded that this alleged statement by Lara-Paz was not included in the agent's final report and even though this statement was included in the agent's handwritten notes of the interview, it was written in a different color ink than the rest of the notes. Lara-Paz testified that he had made no such statement in his post-arrest interview and maintained that he did not know the car contained drugs. In closing argument, Lara-Paz's counsel argued to the jury that the government agent's testimony concerning post-arrest statements was unreliable as no tape-recording existed which could verify the accuracy of the agent's version of events.
 
 
 4
 Because Lara-Paz did not object at trial to the admission of the agent's testimony on the basis that the interview was not tape-recorded, Lara-Paz must establish that admission of that testimony constituted plain error. See United States v. Olano, 113 S.Ct. 1770, 1777 (1993) (Fed.R.Crim.P. 52(b) gives appellate courts the discretion to correct plain error even though a party has failed to preserve the error below). In order to establish plain error, Lara-Paz must show that there was an actual error which impacted a substantial right and was obvious under current law. Id. at 1777-78. Even were Lara-Paz to establish plain error, correction would not be required but discretionary. Id. at 1778.
 
 
 5
 Lara-Paz has filed to cite, nor are we aware of, any law requiring the government to tape-record post-arrest interviews. The admission of the agent's testimony was not erroneous, much less plain error. Cf. United States v. Marashi, 913 F.2d 724, 734 (9th Cir.1990) (government agent's failure to record interviews does not violate the rule of Brady v. Maryland, 373 U.S. 83 (1963), that the government cannot withhold material evidence favorable to the defendant). Consequently, we reject Lara-Paz's sole claim of error and affirm the judgment of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3